**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DENISE B. FERKEL and** | ) |
| **V.F., a minor, by and through** | ) |
| **Next Friend, DENISE B. FERKEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Cause No. 4:08-CV-01953 |
| | ) |
| **AUTO OWNERS INSURANCE CO.,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S**
**COUNTER-CLAIM FOR DECLARATORY JUDGMENT**
**AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW Plaintiffs and move this Honorable Court to enter an order pursuant to Rule 12(f) Fed.R.Civ.P., striking Defendant's counter-claim for declaratory judgment as redundant and inappropriate. Plaintiffs submit the following memorandum in support of their motion.

**I. Factual Background.**

This action arises out of a wrongful death claim asserted by the Plaintiffs with respect to the death of their husband and father, John M. Ferkel, resulting from a vehicular accident that occurred on April 28, 2006.

Aside from fatally injuring John M. Ferkel, the motor vehicle collision resulted in the death of another person and serious injury to a third. The collision was caused by the negligent operation of a tractor-trailer unit which was insured by Empire Fire and Marine Insurance Company (hereinafter "Empire").

Empire had $1,000,000 in liability insurance to address all injury claims. After settling the other two bodily injury claims arising out of the collision, Empire reached a partial settlement with

Plaintiffs regarding the wrongful death of John M. Ferkel by payment of its remaining available liability limits of $666,666.67. Thereafter, Plaintiffs brought this action for underinsured motorist benefits under a policy of automobile liability insurance issued by Defendant to John M. Ferkel's employer, Ace Electric Labs.  That action was initially filed in the Circuit Court for St. Louis County, Missouri, and was removed by Defendant based upon diversity of citizenship.

There is no serious question of liability respecting the fatal collision.  Similarly, there should be no dispute that Plaintiffs sustained damages in excess of the prayer being sought herein.  Therefore, it is anticipated that the significant facts of this case will be the subject of a stipulation and that the case will likely be submitted to the Court on cross-motions for summary judgment, the only question being the construction of the subject insurance policy.

In addition to filing an answer to Plaintiffs' Petition, the Defendant filed a counter-claim for declaratory judgment, denying that it is obligated to provide underinsured motorist benefits to Plaintiffs under the subject policy, based upon the same policy provisions plead in its Answer.

## II.  The Declaratory Judgment is Redundant and Inappropriate.

As is apparent from review of Defendant's Answer and Petition for Declaratory Judgment, they cite the very same policy provisions in both pleadings as the bases for its denial of Plaintiffs' wrongful death claim.  Declaratory judgments are not intended to be substitutes for existing remedies, except in exceptional circumstances that plainly appear.  Declaratory judgments are inappropriate where adequate remedies at law already exist.  Williams v. Mercantile Bank of St. Louis, N.A., 845 S.W.2d 78 (Mo.App. 1993).

Although Rule 57 Fed.R.Civ.P. differs slightly from Missouri Supreme Court Rule 87.01, both rules indicate that no declaratory judgment lies where such an action would be inappropriate.

An adequate remedy at law exists where a party could assert the issue sought to be declared as a defense in an action brought by the opposing party.  State ex. rel. Director of Revenue v. Pennoyer, 872 S.W.2d 516 (Mo.App. 1994).  In fact, this is precisely what has occurred in the instant case.  The very provisions upon which Defendant relies in asserting its Petition for Declaratory Judgment have already been plead as affirmative defenses to Plaintiffs' claim.

Rule 12(f) Fed.R.Civ.P. authorizes this Court to strike redundant claims.  Redundant pleadings and claims in this matter will do nothing more than confuse the issues and compel additional paperwork.  Declaratory judgments are intended to reduce, not add to a multiplicity of claims.  Nations v. Ramsey, 387 S.W.2d 276 (Mo.App. 1965).

It should also be noted that Defendant's counter-claim is not a compulsory counter-claim under Rule 13(a)(2)(A) Fed.R.Civ.P., because at the time Defendant plead its counter-claim for declaratory judgment, that claim was already the subject of the Plaintiffs' pending action against Defendant.

### III. Conclusion.

Defendant's counter-claim for declaratory judgment should be stricken because it is redundant, will result in unnecessary pleadings, and is not required as a compulsory counter-claim under the Federal Rules of Civil Procedure.

THE GLASSMAN LAW FIRM, P.C.

By:   /s/Stephen M. Glassman
Stephen M. Glassman, #11982
231 S. Bemiston Ave., Suite 710
Clayton, Missouri 63105
Tel. (314) 446-6000
Fax. (314) 446-6005
sglassman@glassmanlegal.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2008, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

mdana@bjpc.com - Megan K. Dana - *Attorney for Defendant*
rwatters@bjpc.com - Russell F. Watters - *Attorney for Defendant*

  /s/Stephen M. Glassman