IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE B. FERKEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:08-CV-01953-DJS |
| ) | |
| AUTO OWNERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM
FOR DECLARATORY JUDGMENT**

COMES NOW Defendant Auto Owners Insurance Company, and for its Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Counterclaim for Declaratory Judgment, states as follows:

**I. INTRODUCTION**

Plaintiffs filed their "Petition for Damages – Underinsured Motorist" against Defendant Auto Owners Insurance Company (hereinafter "Defendant") in the Circuit Court of St. Louis County. Defendant timely removed the action to the United States District Court for the Eastern District of Missouri, and filed its Answer and Counterclaim for Declaratory Judgment. Plaintiff subsequently filed a Motion to Strike Defendant's Counterclaim for Declaratory Judgment, arguing that said counterclaim is redundant and inappropriate, because Defendant cites the same policy provisions in its affirmative defenses and its counterclaim.

Plaintiffs' Motion to Strike is without merit and should be denied. Defendant has a right to bring this counterclaim and have the Court declare its rights and obligations under the insurance contract. Plaintiffs' Petition is merely a claim for damages, and does not ask the Court

to declare Defendant's rights and obligations, so Defendant's Counterclaim is not redundant. Not allowing Defendant to bring its Counterclaim would prevent it from obtaining complete relief and would prejudice Defendant. Additionally, Plaintiffs cite distinguishable Missouri state cases in attempt to support its motion, none of which interpret the Federal Declaratory Judgment Act and corresponding Federal Rule of Civil Procedure. Therefore, Plaintiffs' Motion to Strike should be denied.

## II.  LEGAL PRECEDENT AND ARGUMENT

Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C.A. §§2201 et al., govern the procedure for obtaining declaratory judgment in federal cases. The statute provides that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. §2201(a).

The Federal Rule adds that "[t]he existence of another remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed.R.Civ.Pro. 57. Federal courts have long recognized that a claim for declaratory judgment is appropriate and convenient where a dispute has arisen regarding coverage of an insurance policy. Hepburn v. Pennsylvania Indemnity Corp., 71 App.D.C. 257, 257 (1939).

### A. Defendant's Counterclaim is not redundant because no other claim has been brought asking the Court to declare the rights and obligations of Defendant under the insurance policy.

Plaintiffs argue that Defendant should not be allowed to bring its Counterclaim for Declaratory Judgment because it is redundant, because Defendant cites several relevant policy provisions in both its affirmative defenses and Counterclaim. Plaintiffs' logic is misplaced in making this argument. By raising affirmative defenses related to coverage in its Answer to

Plaintiffs' Petition, Defendant is defending against Plaintiffs' claim seeking monetary damages. It its Counterclaim, Defendant makes <u>an independent claim</u> seeking the Court to determine its rights and obligations under the relevant insurance policy.

Without allowing Defendant to bring this Counterclaim, Defendant will not be afforded any relief, as its affirmative defenses do not ask the Court for a determination of rights and obligations.  Further, the Plaintiffs' Petition for Damages makes no request for declaratory judgment, so Defendant's Counterclaim is not redundant in any respect.  The fact that the same policy provisions are cited in Defendant's Answer does not make its entire claim redundant.

Hypothetically, if Defendant were not allowed to bring its Counterclaim, Plaintiffs could voluntarily dismiss their action in this Court.  At that point, despite Defendant's desire to have the Court determine its rights and obligations, Defendant would have no claim pending as its affirmative defenses related to coverage are not considered an independent claim.  Defendant would be prejudiced in this hypothetical situation because they would have no claim of their own to maintain.

Further, Plaintiffs state that because Defendant's counterclaim is not compulsory under Rule 13(a) of the Federal Rules of Civil Procedure, it should be stricken.  Regardless of whether the counterclaim is compulsory or permissive, Rule 13 allows Defendant to bring any and all counterclaims it has against Plaintiffs, including the current counterclaim.  Without Defendant's declaratory judgment claim, Plaintiffs would be free to voluntarily dismiss its own claim and prevent Defendant from obtaining any relief on the coverage issue.  Defendant should be able to pursue its Counterclaim in this Court.  As such, Plaintiffs' Motion to Strike should be denied.

**B.     The cases cited by Plaintiffs are neither controlling nor applicable to the current facts.**

In support of its Motion, Plaintiffs cite three Missouri state cases, none of which interpret the federal declaratory judgment rules.  First, Plaintiffs cite the <u>Williams</u> case for the proposition

3

that declaratory judgments are inappropriate where adequate remedies at law already exist. (See Plaintiffs' Motion, Docket 17 at 2.) However, the Federal Rule of Civil Procedure regarding declaratory relief clearly states that a declaratory judgment action may still be appropriate despite the existence of another remedy. Fed.R.Civ.Pro. 57.

Further, the Williams case is off point because in that case, the Plaintiff/Appellant filed a Petition with several counts, one of which was a count for declaratory judgment. Williams v. Mercantile Bank of St. Louis, N.A., 845 S.W.2d 78, 83 (Mo. App. E.D. 1993). The Court held that because the petition contained counts for tort, contract, and fraud, the supplementary count for declaratory judgment was unnecessary. Id. The present case is distinguishable because the declaratory judgment claim brought by Defendant is its only claim, and not supplementary to several other legal claims like Williams.

The Plaintiffs cite the Pennoyer case, which held that a Missouri Circuit Court has no jurisdiction to entertain a claim for declaratory judgment which should be addressed in a strict statutory judicial review procedure of an administrative ruling. State ex rel. Director of Revenue v. Pennoyer, 872 S.W.2d 516, 519 (Mo. App. E.D. 1994). This case has absolutely no connection to the current facts and Defendant is unable to draw any connection between the case and the proposition for which the Plaintiffs cite it. Plaintiffs make no argument that this Court is without jurisdiction to hear the action, and there is no administrative review procedure at issue here. These cases are clearly distinguishable from the current facts and should not be given effect to preclude Defendant from bringing its Counterclaim for Declaratory Judgment. Plaintiffs' Motion to Strike should be denied.

### III. CONCLUSION

In its Motion to Strike, Plaintiffs are trying to prevent Defendant from bringing its Counterclaim for Declaratory Judgment. Defendant has a right to bring this independent claim,

which is unique and in no way repetitive of Plaintiffs' Petition for Damages. Defendant seeks for this Court to determine its rights and obligations under the relevant insurance policy. Plaintiffs merely request monetary damages under the same policy. Further, the fact that Defendant cites policy provision in its affirmative defenses cannot make its Counterclaim redundant, as affirmative defenses are merely part of an answer and <u>not an independent claim for relief</u>. Defendant would be prejudiced if not allowed to pursue its declaratory judgment counterclaim. Plaintiffs' argument has no support from controlling federal law, and is without merit.

WHEREFORE, Defendant requests this Court to deny Plaintiffs' Motion to Strike Defendant's Counterclaim for Declaratory Judgment, and for such other and further relief as this Court deems just and proper.

                                            BROWN & JAMES, P.C.

                                            /s/ Russell F. Watters
Russell F. Watters, #4653
Megan K. Dana, #5212540
Attorneys for Defendant
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400
314-421-3128 – FAX
rwatters@bjpc.com
mdana@bjpc.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 5th day of January, 2009, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Stephen M. Glassman – sglassman@glassmanlegal.com – ATTORNEY FOR PLAINTIFF

                                         /s/ Russell F. Watters

#8373700