```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
                     EASTERN DIVISION
```

DENISE B. FERKEL and V.F., a minor, )
by and through Next Friend          )
Denise B. Ferkel,                   )
                                    )
        Plaintiffs,                 )
                                    )
    vs.                             )     No. 4:08CV1953-DJS
                                    )
AUTO OWNERS INSURANCE COMPANY,      )
                                    )
        Defendant.                  )

<u>ORDER</u>

       Plaintiffs Denise Ferkel and Vanessa Ferkel bring the instant action seeking damages from the auto liability insurer of the employer of their deceased husband and father, respectively. Plaintiffs have recovered damages from the insurer of the company whose driver allegedly caused the fatal accident, up to the policy limits available there. Plaintiffs here seek additional damages from the decedent's employer's insurer, based on plaintiffs' submission of an underinsured motorist claim. With its answer, defendant Auto Owners Insurance Company has filed a counterclaim seeking a declaratory judgment. Defendant seeks a declaration that an underinsured motorist claim is not properly presented in the circumstances, because the tortfeasor's coverage was in fact equal to, and not less than, the coverage on the policy insuring the decedent's employer.

       Now before the Court is plaintiffs' motion to strike the declaratory judgment counterclaim as "redundant and inappropriate."

Pltf. Motion to Strike [Doc. #17], p.1.  Fed.R.Civ.P. 12(f) provides that the Court may strike portions of a pleading found to be "redundant, immaterial, impertinent, or scandalous." Plaintiffs' argument, in essence, is that their own claim for damages will result in a determination whether the coverage sought applies, and defendant's counterclaim is redundant of its answer defending against plaintiffs' claim.

The Court is not persuaded that defendant's counterclaim should be stricken.  The Court agrees with defendant that plaintiffs' claim for damages is distinct from defendant's counterclaim seeking a declaration of defendant's rights and obligations under its insurance contract.  Despite the obvious relation between the two, defendant's declaratory judgment claim is independent from and not subsumed within plaintiffs' claim for damages.  Plaintiffs' citation to Missouri cases does not demonstrate otherwise. The counterclaim appears to be appropriately pled in response to plaintiffs' claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike defendant's counterclaim for declaratory judgment [Doc. #17] is denied.

Dated this ___26th___ day of January, 2009.

                              /s/Donald J. Stohr
                              UNITED STATES DISTRICT JUDGE